UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YILIAM RODRIGUEZ CABRERA,

Plaintiff,

vs.                                                              Case No.:

STELLAR RECOVERY, INC.

Defendant.

_____/

## COMPLAINT

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Plaintiff also alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against the Defendant Stellar Recovery, Inc. Plaintiff alleges that the Defendant unlawfully called the Plaintiff's cellular phone using an automatic telephone dialing system or auto-dialer and a pre-recorded or artificial voice, without Plaintiff's consent. Defendant made these calls in an attempt to collect an alleged debt belonging to the Plaintiff.

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Under 28 U.S.C. 1367(a), this Court has

1

supplemental jurisdiction over Plaintiff's state FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, federal courts have jurisdiction over suits arising under TCPA. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

3. This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff. This action also arises out of Defendant's violations of TCPA, which prohibits any person "to make any call (other than for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice --(iii) to any telephone number assigned to a paging service, home telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, YILIAM RODRIGUEZ CABRERA, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Stellar Recovery, Inc. ("Stellar") is a collection agency operating from an address of 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6), and is incorporated under the laws of the State of Florida as a corporation.

7. Defendant Stellar regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8. Defendant Stellar is a debt collector, that uses, among other things, an automated telephone dialing system to engage in debt collection practices.

9. Defendant Stellar regularly collects or attempts to collect debts for other parties.

10. Defendant Stellar is a "debt collector" as defined in the FDCPA and FCCPA.

11. Defendant Stellar was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute § 559.55(1).

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15. The Defendant did not provide debtor with written notice of assignment from creditor, within 30 days after the assignment.

16. Defendant called the Plaintiff at her cellular phone to collect on the alleged debt on more than one occasion.

17. Plaintiff filed for Chapter 7 bankruptcy on July 14, 2014 under bankruptcy case number 14-25951-RAM. On October 10, 2014, U.S. Bankruptcy Judge Robert A. Mark granted a discharge to Plaintiff under section 727 of title 11, of the Bankruptcy Code.

18. Plaintiff does not recall of any pre-bankruptcy debt which was ultimately assigned to Defendant Stellar. Plaintiff never received notice from Defendant of written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

19. Defendant Stellar attempted to collect a debt on more than one occasion even though Plaintiff filed for bankruptcy, and despite the fact that Plaintiff had already been discharged in Chapter 7 bankruptcy for that debt on October 10, 2014.

20. Defendant Stellar attempted to collect the alleged debt even though said debt had been discharged in Plaintiff's Chapter 7 bankruptcy months prior. The subject debt did not fall under any exceptions to discharge, enumerated in 11 USC §523. Furthermore, Defendant did not implement adequate procedures to avoid collection activities post-bankruptcy filing.

21. Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

22. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

23. The Defendant did not provide debtor with written notice of assignment from creditor, within 30 days after the assignment.

24. This lawsuit arises from telephone collection efforts of Defendant over the last four years. Most courts have held that TCPA claims are governed by the four-year federal statute of limitations. *Benedia v. Super Fair Home, Inc.,* 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. 2007); *Stern v. Bluestone,* 850 N.Y.S. 2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. §1658).

4

25.     Defendant attempted to collect an alleged consumer debt from the Plaintiff by unlawfully calling Plaintiff's cellular phone on more than one occasion times in violation of the TCPA, FDCPA, and FCCPA.

## COLLECTION CALLS

26.     In or about the month of November 2014, Defendant Stellar's collectors contacted Plaintiff at her cellular telephone in an effort to collect this debt; these attempts were "communications" to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

27.     During these communications, Defendant called Plaintiff's cellular telephone using an automated telephone dialing system. Defendant left 2 voicemail messages on Plaintiff's cellular voicemail system playing an artificial or pre-recorded voice. After delivery of the message, the caller immediately disconnected. All the voicemail messages stated the following:

(877) 236-5791  9:34 am  November 13, 2014

Call from Stellar Recovery. This call is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose. Please return the call to 877-236-5791. Esta llamada es de Stellar Recovery. Esta es una llamada es de un cobrador de deudas y este es un intento de cobrar una deuda. Cualquier información que se obtenga se usara con tal propósito. Por favor llame al regreso a 877-236-5791. (*Last four sentences were translated from English to Spanish*) *(Female Voice)*

(877) 236-5791  5:31 pm November 19, 2014

Call from Stellar Recovery. This call is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose. Please return the call to 877-236-5791. Esta llamada es de Stellar Recovery. Esta es una llamada es de un cobrador de deudas y este es un intento de cobrar una deuda. Cualquier información que se obtenga se usara con tal

5

propósito. Por favor llame al regreso a 877-236-5791. (*Last four sentences were translated from English to Spanish*) *(Female Voice)*

28. On other occasions, upon answering these calls, Plaintiff was greeted with a machine-generated voice that began reading a script, consistent with an automated telephone dialing system using an artificial or pre-recorded voice.

29. Defendant left these voicemail messages with an artificial or pre-recorded voice asking for the Plaintiff. The Plaintiff never provided consent (implied or express) to receiving these prerecorded calls at his home telephone number.

30. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014 (July 3, 2003).

31. Defendant's calls to Plaintiff's cellular telephone were all initiated using an automatic telephone dialing system, which contained an artificial voice and/or played a prerecorded message.

32. None of the Defendant's telephone calls to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A).

33. The Defendant either willfully or knowingly violated the TCPA, FDCPA, and FCCPA.

6

## SUMMARY

34. All of the above-described collection communications were made by the Defendant to Plaintiff's cellular phone, and are in violation of 15 U.S.C. §1692, and FCCPA §559.72, as well as TCPA.

35. The above-described collection communications made by Defendant Stellar, and its collection employees, to Plaintiff at her cellular phone, were made in violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to 15 U.S.C. § 1692(b), §1692(c), §1692(d), §1692(e), and §1692(g), as well as Florida Statutes §559.72(5) and §559.72(7).

36. During its collection communications, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), §1692e(11) amongst others.

37. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs 1 through 38 of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### UNFAIR PRACTICES
### 15 U.S.C. § 1692f

42. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully stated herein.

43. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Further, it disallows the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or *permitted by law.*

44. By attempting to collect a debt that was discharged previously, or alternatively, by attempting to collect a debt not belonging to the Plaintiff, the Defendant used unfair or unconscionable means to collect a debt, in violation of FDCPA.

## COUNT 3

### FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
### 15 U.S.C. § 1692e

45. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully stated herein.

46. Pursuant to 15 U.S.C. § 1692e(2), a debt collector shall not misrepresent the character, amount, or legal status of the alleged debt.

47. By attempting to collect a debt that was discharged previously, the Defendant is misrepresenting the character and legal status of the alleged debt. The Defendant's post-discharge collection efforts attempt to represent the status of the claim as past due or unpaid, rather than as a debt discharged through bankruptcy, hence, in violation of FDCPA. Alternatively, if the debt does not belong to the Plaintiff, Defendant's collection efforts attempted to represent the status of the claim as that belonging to the Plaintiff, also in violation of FDCPA.

## COUNT 4

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

48. Plaintiff incorporates by reference all of the above paragraphs 1 through 38 of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

50. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 5

### VIOLATION OF 553.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

51. Plaintiff incorporates by reference all of the above paragraphs 1 through 38 of this

Complaint as though fully stated herein.

52. Pursuant to Florida Statute 559.72(9), in collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

53. Defendant's attempts to collect on subject debt even though it was discharged by the bankruptcy court, constitute attempts to assert the existence of some other legal right when such person knows that the right does not exist, in violation of Florida Statute § 559.72(9), FCCPA. In doing so, the Defendant Stellar has asserted the existence of some other legal right when such person knows that the right does not exist, in violation of Florida Statute § 559.72(9), FCCPA. Alternatively, Defendant Stellar's efforts to collect on a debt not belonging to Plaintiff, constitute attempts to assert existence of some other legal right when no such right exists, also in violation of Fla. Stat. 559.72(9).

## COUNT 6

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et seq.

54. Plaintiff incorporates by reference all of the above paragraphs 1 through 38 of this Complaint as though fully stated herein.

55. Defendant violated 47 U.S.C.§227(b)(l)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing or made using an artificial or prerecorded voice, and not legally permissible under any provision of the aforementioned statute. Plaintiff did not provide implied or express consent to Defendant to contact him on his home

phone. In addition, Defendant's telephone calls to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A)

56. The subject calls were not legally permitted under any provision to the aforementioned statute.

57. In sum, the Defendant made telephone calls to Plaintiff's cellular phone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

58. Defendant, through its agents, representatives, and/or employees acting within the scope of their authority, willfully and intentionally violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a) Damages;

b) Reasonable attorney's fees and costs;

c) $500 in statutory damages for each violation of the TCPA over the last four years;

d) $1,500 in statutory damages for each knowing or willful violation of the TCPA over the last four years;

e) a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's home telephone using either an automatic telephonic dialing system or an artificial or prerecorded voice; and

f) such further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: March 9, 2015

Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 787-4708
Facsimile: (888) 460-7585
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2015, I electronically filed the foregoing Complaint with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or parties of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        Respectfully submitted,

                                        /s Monica Amor
                                        LAW OFFICES OF MONICA AMOR, P.A.
                                        Monica Amor, Esq.
                                        E-mail: mamor@amorlaw.com
                                        Florida Bar No: 0118664
                                        6355 N.W. 36th Street, Suite 406
                                        Virginia Gardens, Florida 33166
                                        Telephone: (305) 787-4708
                                        Facsimile: (888) 460-7585
                                        Attorney for Plaintiff

## SERVICE LIST

Stellar Recovery, Inc.
c/o Brant Abraham Reiter McCormick & Johnson,
as Registered Agent
50 North Laura Street, Suite 2750
Jacksonville, Florida 32202
Defendant